UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| CARLOS JOSE ANTUNEZ BASTO, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:26-cv-00097-JRS-MKK |
| | ) | |
| KRISTI NOEM Secretary, U.S. Department of | ) | |
| Homeland Security, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

**Order to Show Cause**

The Court, having considered the above action and the matters which are pending, makes the following rulings:

1.      The respondents are **notified** of the filing of the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. This material has been scanned into the Court's electronic docket. A copy of this Order to Show Cause, the petition, and exhibits shall be **distributed electronically to** the United States Attorney.

2.      The **clerk is directed** to issue process **by mail** to the Clay County Respondents. Process will consist of the petition (dkt. [1]), exhibit (dkt. [1-1]), and this Order.

3.      The respondents will have **through February 24, 2026**, to answer the allegations of the habeas petition and **show cause** why the relief sought by the petitioner should not be granted. The petitioner will have **four days after service of the answer** to reply.

4.      In their response, the respondents must explain why Petitioner's detention does not violate 8 U.S.C. § 1254a(d)(4), which states "[a]n alien provided temporary protected status under this section shall not be detained by the Attorney General on the basis of the alien's

immigration status in the United States." Additionally, the weight of authority supports Petitioner's position—that ICE's authority to detain a noncitizen discovered within the country derives from § 1226(a) and not from § 1225(b), so Petitioner is at minimum entitled to a bond hearing and not subject to mandatory detention. *See, e.g., Cazarez-Gonzales v. Olson*, No. 2:25-CV-590 (S.D. Ind. Dec. 5, 2025) (citing cases); *see also Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1061 (7th Cir. 2025) (stating that "Plaintiffs have the better argument on the current record" referring to argument that "ICE's authority to detain a noncitizen discovered within the country derives from § 1226(a) and not from § 1225(b)."). In their response, the respondents must explain why this Court should reach a different result here.

5.      The respondents shall not transfer Petitioner outside the jurisdiction of the United States or transfer him to any federal judicial district other than those in the States of Illinois, Indiana, or Wisconsin during the pendency of this habeas petition. *A.A.R.P. v. Trump*, 145 S. Ct. 1364, 1369 (2025) (citing 28 U.S.C. § 1651(a) ("[T]he Government represented on the record in federal court that it reserved the right to remove detainees after midnight. We had the power to issue injunctive relief to prevent irreparable harm to the applicants and to preserve our jurisdiction over the matter.*"); United States v. United Mine Workers of Am.*, 330 U.S. 258, 293 (1947) ("The District Court had the power to preserve existing conditions while it was determining its own authority to grant injunctive relief.").

6. The petitioner's motion for temporary restraining order, dkt. [2], is **granted** to the extent it seeks relief consistent with the preceding paragraph and **denied without prejudice** to the extent it seeks broader relief.

**IT IS SO ORDERED.**

Date: 2/17/2026

JAMES R. SWEENEY II, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distribution:

Sheriff Brison Swearingen
Clay County Detention Center
611 E. Jackson St.
Brazil, IN 47834

Courtesy copies (by electronic mail):

Liberty L. Roberts, Church Church Hittle & Antrim, (lroberts@cchalaw.com)

Shelese Woods, Assistant U.S. Attorney (shelese.woods@usdoj.gov)

Kristin A. Hoffman
Gresk & Singleton
khoffman@gslawindy.com