UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| CARLOS JOSE ANTUNEZ BASTO, | ) |
| Petitioner, | ) ) ) |
| v. | ) ) No. 2:26-cv-00097-JRS-MKK |
| KRISTI NOEM Secretary, U.S. Department of Homeland Security, *et al.*, | ) ) ) ) |
| Respondents. | ) ) |

**ORDER GRANTING IN PART AND DENYING IN PART
PETITION FOR WRIT OF HABEAS CORPUS**

Noncitizen Carlos Antunez Basto is detained at the Clay County Jail at the direction of U.S. Immigration and Customs Enforcement. He seeks a writ of habeas corpus compelling the respondents to either release him or grant him a bond hearing. For the reasons discussed below, the petition is **granted** to the extent that the Court orders the respondents to afford Mr. Antunez Basto a bond hearing.

**I. Facts**

Mr. Antunez Basto, a Venezuelan national, entered the United States in November 2022. He presented for inspection at a port of entry and claimed asylum.[1] Immigration officials determined that Mr. Antunez Basto was not immediately eligible for admission to the United States. However, rather than detain Mr. Antunez Basto, they initiated a removal proceeding, granted him parole, and permitted him to enter the United States while his removal and asylum proceedings played out. Dkt. 1-1 at 5; dkt. 9-1 at 6.

---

[1] One government document indicates that Mr. Antunez Basto entered without inspection and was apprehended by Border Patrol agents, but this appears to be a mistake. *Compare* dkt. 9-1 at 9–10 *with id.* at 1, 6.

Mr. Antunez Basto's parole expired on November 13, 2023, a year after he entered. Dkt. 9-1 at 10. In May 2024, he received temporary protected status (TPS). *Id.* However, the government terminated that status on November 21, 2025. *Id.*

On December 21, 2025, Noblesville police arrested Mr. Antunez Basto on suspicion of drunken driving. Dkt. 9-1 a 10. When Mr. Antunez Basto was booked into the Hamilton County Jail, officers contacted ICE, which lodged an immigration detainer. *Id.* at 9. At that time, an immigration official executed an administrative warrant directing that Mr. Antunez Basto be arrested pursuant to 8 U.S.C. § 1226. *Id.* at 14.

Mr. Antunez Basto pled guilty to a misdemeanor on February 4, 2026, and agreed to a suspended jail sentence. Dkt. 1-1 at 13. However, ICE officers arrested Mr. Antunez Basto pursuant to the administrative warrant on February 11. Dkt. 9-1 at 9, 14. He has remained in ICE custody since February 11 and is currently detained at the Clay County Jail.

## II. Analysis

A federal court may issue a writ of habeas corpus when the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Mr. Antunez Basto argues that his continued detention violates the Fifth Amendment and the Immigration and Nationality Act (INA). He asks the Court to order that he be released immediately or, alternatively, that he receive a bond hearing. The respondents answer that the INA not only allows but requires Mr. Antunez Basto to be detained without bond but adds that, if he is entitled to any relief, he is entitled to at most a bond hearing.

The Court finds that Mr. Antunez Basto's continued detention without possibility of bond violates the INA and entitles him to habeas relief in the form of a bond hearing. On this basis, the Court grants Mr. Antunez Basto's petition in part and denies it in part.

A.     **8 U.S.C. §§ 1226 and 1225**

At issue here are 8 U.S.C. § 1226 and § 1225. While "§ 1226 applies to aliens already present in the United States," U.S. immigration law also "authorizes the Government to detain certain aliens seeking admission into the country under §§ 1225(b)(1) and (b)(2)." *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018). Section 1226 governs the "usual" removal process, which involves an evidentiary hearing before an immigration judge. *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 108 (2020). Proceedings are initiated under 8 U.S.C. § 1229(a), also known as "full removal," by filing a Notice to Appear with the Immigration Court. *Matter of E-R-M- & L-R-M-*, 25 I. & N. Dec. 520, 520 (BIA 2011).

Section 1226(a) provides:

On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States. [T]he Attorney General—

(1) may continue to detain the arrested alien; and

(2) may release the alien on—

> (A) bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General; or

> (B) conditional parole[.]

An immigration officer makes the initial determination to either detain or release the noncitizen. After that initial decision has been made, "[f]ederal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention." *Jennings*, 583 U.S. at 306 (citing 8 C.F.R. § 236.1(d)(1)); *see also* 8 C.F.R. § 1236.1(c)(8). At that hearing, the noncitizen "may secure his release if he can convince the officer or immigration judge that he poses no flight risk and no danger to the community." *Nielsen v. Preap*, 586 U.S. 392, 397–98 (2019) (citing 8 C.F.R. §§ 1003.19(a), 1236.1(d)); *see also Hernandez v. Sessions*, 872 F.3d 976, 982 (9th Cir.

3

2017) ("[T]he burden is on the non-citizen to 'establish to the satisfaction of the Immigration Judge . . . that he or she does not present a danger to persons or property, is not a threat to the national security, and does not pose a risk of flight.'") (citing *In re Guerra*, 24 I. & N. Dec. 37, 38 (BIA 2006)).

Section 1225(b)(1) deals with "inspection of aliens arriving in the United States and certain other aliens who have not been admitted or paroled" and provides that immigration officers shall order certain noncitizens removed without further hearing or review unless the noncitizen indicates an intention to apply for asylum. § 1225(b)(1)(A)(i). This applies to noncitizens who have engaged in misrepresentation or have failed to meet document requirements under §§ 1182(a)(6)(C) or 1182(a)(7). *Id.*

Section 1225(b)(2) pertains to "[i]nspection of other aliens." Section 1225(b)(2)(A) provides that "in the case of an alien who is an *applicant for admission*, if the examining immigration officer determines that *an alien seeking admission* is *not clearly and beyond a doubt entitled to be admitted*, the alien shall be detained for a proceeding under section 1229a of this title." 8 U.S.C. § 1225(b)(2)(A) (emphasis added). An "applicant for admission" is "[a]n alien present in the United States who has not been admitted or who arrives in the United States (whether or not at a designated port of arrival . . .)." 8 U.S.C. § 1225(a)(1). In other words, noncitizens subject to 1225(b)(2) are not eligible for expedited removal but are subject to mandatory detention while their removal proceedings are pending.

**B.      Mr. Antunez Basto's Detention Is Authorized by § 1226(a)**

The record reflects that Mr. Antunez Basto's detention is authorized by § 1226(a). As discussed further below, this makes him eligible for a bond hearing.

4

The Court has previously determined that considering § 1225 as a whole, the most natural meaning is that it applies to "arriving" noncitizens attempting to enter the United States rather than undocumented aliens like Mr. Antunez Basto who have lived in the interior of the United States for years. *Morales Sandoval v. Crowley*, No. 2:25-CV-00560-JRS-MKK, 2025 WL 3760760, at *3–6 (S.D. Ind. Dec. 30, 2025). As the Court has previously explained, Respondents' interpretation of the statute (1) disregards the plain meaning of § 1225(b)(2)(A); (2) disregards the relationship between §§ 1225 and 1226; (3) would render a recent amendment to § 1226(c) superfluous; and (4) is inconsistent with decades of prior statutory interpretation and practice. *Id.*

The respondents here cite a smattering of contrary decisions but concede that this Court's previous analysis "control[s] the result in this case should the Court adhere to the legal reasoning in those prior decisions." Dkt. 9 at 9. Notably, the respondents cite a recent Fifth Circuit Court of Appeals decision, which upheld the government's interpretation of § 1225(b)(2)(A) in finding that "seeking admission" is a permissible redundancy for "applicant for admission." *Buenrostro-Mendez v. Bondi*, 2026 WL 323330, at *5 (5th Cir. Feb. 6, 2026). The Court is not convinced, however, that the Seventh Circuit will follow *Buenrostro-Mendez* and therefore continues to rely on *Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048 (7th Cir. 2025), as persuasive precedent. In *Castañon-Nava*, the Seventh Circuit determined that "seeking admission" cannot be logically seen as synonymous with "applicant for admission" without violating several established canons of statutory interpretation. 161 F.4th at 1061. This Court has applied those established canons of statutory interpretation in its previous cases and has reached the same conclusion. Because neither *Buenrostro-Mendez* nor the other cases cited by the respondents are binding on this Court, the Court declines to depart from its previous reasoning.

Moreover, the undisputed facts demonstrate that Mr. Antunez Basto's detention must be authorized by § 1226(a) rather than § 1225(b). Mr. Antunez Basto entered at a port of entry and claimed asylum. Rather than immediately detain him for the duration of his asylum proceedings, as the respondents now argue the law required, the government permitted Mr. Antunez Basto to enter and then remain in the United States, first on parole, then with temporary protected status. Later, when the government took Mr. Antunez Basto into custody, it did so through an administrative warrant citing § 1226(a) as the basis for his arrest. The government's actions and its paperwork reflect that Mr. Antunez Basto's detention is authorized by § 1226(a). It cannot now maintain that he is subject to § 1225(b)(2) and therefore categorically ineligible for discretionary release. *See Singh v. Bondi*, No. 1:25-cv-02101-SEB-TAB, 2025 WL 3029524, at *6 (S.D. Ind. Oct. 30, 2025) (citing *Patel v. Crowley*, No. 25 C 11180, 2025 WL 2996787, at *6 (N.D. Ill. Oct. 24, 2025); *Kennedy v. Kijakazi*, No. 22-2258, 2023 WL 1990303, at *3 (7th Cir. Feb. 14, 2023)).

**C.    Scope of Relief**

Mr. Antunez Basto is entitled to a bond hearing under § 1226(a), and he has not received one. Therefore, his continued detention without a bond hearing violates "the laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The remaining question is the remedy, which should be "appropriate to the violation." *Waller v. Georgia*, 467 U.S. 39, 50 (1984). Mr. Antunez Basto requests immediate release from custody or, in the alternative, an individualized bond hearing. Dkt. 1 at 12. Immediate release is the customary remedy in habeas proceedings. *See Dep't of Homeland Security v. Thursaissigiam*, 591 U.S. 103, 107 (2020) ("Habeas has traditionally been a means to secure release from unlawful detention."); *Munaf v. Geren*, 553 U.S. 674, 698 (2008) (explaining that "the quintessential habeas remedy" is release from custody). However, he maintains—and the Court agrees—that he is subject to § 1226(a), which allows the government to

6

"continue to detain" him. 8 U.S.C. § 1226(a)(1). Mr. Antunez Basto's custody is not unlawful because of the very fact that he is detained. Rather, his custody is unlawful because he has not received the bond hearing that the law requires.

### III. Conclusion

The petition for a writ of habeas corpus is **granted** insofar as the respondents will have **seven days** to certify that Mr. Antunez Basto has (1) appeared for a bond hearing before an immigration judge consistent with 8 U.S.C. § 1226(a) and pertinent regulations, or (2) been released from detention. The petition is **denied** to the extent it seeks immediate release from custody.

The **clerk is directed** to enter **final judgment**.

**IT IS SO ORDERED.**

Date: 3/13/2026

JAMES R. SWEENEY II, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distribution:

Rachel Dever
Church Church Hittle and Antrim
rdever@cchalaw.com

Kristin A. Hoffman
Gresk & Singleton
khoffman@gslawindy.com

Liberty L. Roberts
Church Church Hittle & Antrim
lroberts@cchalaw.com

Shelese M. Woods
DOJ-USAO
shelese.woods@usdoj.gov